CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

May 21, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M.  Poff
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 7:00CR00122 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **RICKEY G. YOUNG,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Rickey G. Young, Pro Se Petitioner.*

The petitioner, proceeding pro se, has filed a petition for a writ of error coram nobis under 28 U.S.C. § 1651.  While he will be allowed to proceed in forma pauperis, I conclude that the petition must be summarily dismissed.[1]

In July 2001, Young, a former Virginia attorney, was found guilty in this court on charges of willful failure to file a tax return, in violation of 26 U.S.C. § 7203, and criminal contempt, in violation of 18 U.S.C. § 401.  He was sentenced to a total term of eighteen months' imprisonment with one year of supervised release to follow. Young appealed to the Fourth Circuit, and the court "found no meritorious issues for

---

[1] Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the court may summarily dismiss a petition filed under 28 U.S.C. § 2255 when it plainly appears from the petitioner's submissions that he is not entitled to relief.  Although Young's petition is not filed under § 2255, the § 2255 Rules are "highly persuasive in deciding how coram nobis motions should be conducted." *United States v. Balisterieri*, 606 F.2d 216, 221 (7th Cir. 1979).

appeal," and affirmed. *United States v. Young*, 64 F. App'x 899, 900 (4th Cir. 2003) (unpublished). Young fully served his sentence years ago.

In support of the petition, Young asserts that the prosecutors in the underlying criminal proceeding withheld exculpatory evidence that would prove his innocence. Such evidence included completed tax returns, video footage of Young going to and from his accountant's office in an effort to file his tax returns, evidence related to the government's investigation and attempt to charge Young with drug-related crimes, evidence of racial bias, evidence of a "secret" grand jury proceeding, and witness impeachment evidence. Pet. 2, Dkt. No. 1. Young further asserts that the judiciary played a role in his conviction because of alleged prejudicial views held by the jury. Young now seeks to have his conviction vacated, constitutional errors with the proceeding corrected, and his law license reinstated.[2]

The Supreme Court has established that federal courts have the power under the All Writs Act, 28 U.S.C. § 1651, to grant a writ of error coram nobis to vacate a conviction after the sentence has been served. *United States v. Morgan*, 346 U.S. 502 (1954). A coram nobis petition should be granted only in "extraordinary circumstances compelling relief to achieve justice." *United States v. Lesane*, 40

---

[2] This court has explained to Young in the past that it does not have subject-matter jurisdiction to review Young's disbarment proceedings. *Young v. Roundtree*, No. 4:24-cv-00018 (W.D. Va. Apr. 23, 2024) (Cullen, J.). Consistent with that decision, I conclude that the court does not have subject-matter jurisdiction to reinstate Young's law license under the present circumstances.

F.4th 191, 197 (4th Cir. 2022). There is a four-pronged framework for analyzing coram nobis petitions, which requires satisfaction with the following requirements:

> (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.

*Id.* at 195–96.

First, because Young has served his sentence and is no longer in custody, a writ of error coram nobis is the proper vehicle for the relief sought and thus a more usual remedy is unavailable. *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988).

Where Young's petition fails, however, is under the second prong, which requires valid reasons for not attacking the conviction earlier. This "requirement — essentially one of timeliness — compensates for the fact that there is no applicable statute of limitations for initiating a coram nobis petition . . . [and] aims to preserve the finality of judgments and encourage promptness." *Lesane*, 40 F.4th at 200. For instruction on analyzing timeliness in the context of a coram nobis petition, the Fourth Circuit has relied on *McQuiggin v. Perkins*, 556 U.S. 383 (2013), a Supreme Court case concerning the timeliness of a federal habeas petition. *Id.* at 201. The *McQuiggin* Court held that "actual innocence, if proved, serves as a gateway through which a petition may pass" when impeded by a statute of limitations. *McQuiggin*, 556 U.S. at 386. Also pertinent to the inquiry is the existence of an "unjustified

delay" in the petitioner's efforts to obtain relief.  *Id.* at 387.  Thus, "[t]he Supreme Court's approach to an 'unjustifiable delay' in pursuing habeas corpus relief based on actual innocence should also inform our analysis of the timeliness requirement for coram nobis proceedings."  *Lesane*, 40 F.4th at 201 (quoting *McQuiggin*, 556 U.S. at 387).

It has been at least twenty years since Young completed his sentence, and he has not given any reason for not attacking the conviction at an earlier date.

It appears that Young may be attempting to assert that there is newly discovered evidence that would prove his actual innocence.  Indeed, coram nobis relief may be awarded "based on new evidence . . . that renders a final conviction unjust."  *United States v. Fenton*, No. 5:07-CR-00025, 2026 WL 972901, at *3 (W.D. Va. Apr. 10, 2026) (citing *United States v. Bazuaye*, 399 F. App'x 822, 824 (4th Cir. 2010) (unpublished)).  In further reliance on standards set forth by *McQuiggin* to inform an analysis on newly discovered evidence, "the filing deadline is one year from 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'"  *McQuiggin*, 569 U.S. at 388–89 (quoting § 2244(d)(1)(D)).

Young does not explain when he may have discovered the evidence that he claims exists, nor does he describe what efforts he made to discover it after his release from incarceration.  *See id.* at 399 ("Unexplained delay in presenting new

evidence bears on the determination whether the petitioner has made the requisite showing."). Therefore, any claim that newly discovered evidence would prove Young's actual innocence has not been sufficiently pled for him to satisfy the second element of a proper coram nobis petition.

Ultimately, Young's failure to provide valid reasons for not attacking the conviction earlier, "foreclose[s] any entitlement to the 'extraordinary remedy of coram nobis relief.'" *United States v. Sutherland*, 103 F.4th 200, 212 (4th Cir. 2024) (quoting *Bereano v. United States*, 706 F.3d 568, 579 (4th Cir. 2013)).

For the reasons stated, Young's petition for a writ of error coram nobis under 28 U.S.C. § 1651 will be dismissed without prejudice, and the motions to proceed in forma pauperis will be denied as moot. A separate Judgment will be entered.

ENTER: May 21, 2026

/s/ JAMES P. JONES
Senior United States District Judge